IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


JAMES McCARDLE,
    Petitioner,

vs.                                       Case No. 3:08cv37/MCR/EMT

SCOTT FISHER, WARDEN,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

      Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). Respondent filed an Answer to the petition asserting that the court lacks jurisdiction to hear Petitioner's claim because the claim challenges the imposition of his sentence, and therefore, must be brought pursuant to 28 U.S.C. § 2255 instead of § 2241 (Doc. 6 at 4–5). Alternatively, Respondent seeks denial of the petition on the merits (*id*. at 5–6). Petitioner filed a reply to the Answer (Doc. 8).

      Petitioner is currently incarcerated at the Federal Prison Camp in Pensacola, Florida (Doc. 1 at 1). He is serving a term of 324 months of incarceration imposed by the United States District Court for the Northern District of Florida on February 26, 1992, for conspiracy to possess with intent to distribute marijuana (Doc. 1, Ex. C; Doc. 6, Ex. A-1). According to the indictment, Petitioner's offense conduct occurred "[b]etween on or about January 1, 1984 and the date of this Indictment, and continuing after April 30, 1986" (Doc. 1, Ex. B). The parties do not dispute that the date of the indictment was April 11, 1991 (*see* Doc. 1, attached memorandum at 2; Doc. 6 at 3–4). The criminal judgment states that the offense concluded on April 11, 1991, the date of the indictment (Doc. 1, Ex. C; Doc. 6, Ex. A-1). The judgment also states that Petitioner's sentence was imposed pursuant to the Sentencing Reform Act of 1984 (SRA) (*id.*). Accordingly, the Bureau of Prisons (BOP)

computed Petitioner's sentence pursuant to the SRA, which applies to offenses committed on or after November 1, 1987. *See* United States v. Fernandez, 905 F.2d 350, 351–52 (11th Cir. 1990) (SRA applies only to offenses committed after November 1, 1987). Petitioner's projected release date, including prior custody credit and good conduct time, is June 18, 2015 (Doc. 6, Ex. A ¶ 8, Ex. 2). Petitioner appealed his conviction and sentence to the Eleventh Circuit Court of Appeals (Eleventh Circuit), and the appellate court affirmed the criminal judgment (*see* Doc. 1 at 2). *See* United States v. McCardle, 20 F.3d 1173 (11th Cir. 1994) (Table). In 1997, Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255, which was denied on the merits on June 4, 1998 (*see* Doc. 1 at 2). McCardle v. United States, Case No. 5:97cv110/LAC/MD (N.D. Fla. 1998).

In the instant § 2241 petition, Petitioner raises one ground for relief. He claims that his sentence is illegal because the criminal judgment erroneously states that the underlying offense occurred "on or after November 1, 1987" (Doc. 1 at 3, attached memorandum at 2, Ex. C). Petitioner contends this statement is erroneous, and he has been prejudiced by this error because the BOP has erroneously calculated good time credits under the SRA instead of pre-SRA law, and he has not been provided a parole hearing (Doc. 1, attached memorandum at 2). As relief, Petitioner seeks an order requiring the BOP to calculate his good time credits under the pre-SRA law, and requiring that he be provided a parole hearing (Doc. 1 at 6).

From Petitioner's allegations and the cases he cites, it appears that Petitioner's quarrel is actually with the court that imposed his sentence, rather than the BOP. In Fernandez, cited by Petitioner (*see* Doc. 1, attached memorandum at 3–4), the court held that the SRA applies only to offenses committed after its effective date of November 1, 1987, and the date of the indictment, conviction, and sentencing are irrelevant. 905 F.2d at 351–52. In United States v. Burgess, also cited by Petitioner (*see id.* at 4) as well as the Fernandez court, the court held that a defendant who was sentenced before the effective date of the SRA may not seek resentencing under the SRA pursuant to Rule 35 of the Federal Rules of Criminal Procedure. 858 F.2d 1512, 1513 (11th Cir. 1988). Petitioner's argument in this case, that the criminal judgment erroneously states that the last date of the charged criminal conduct was on April 11, 1991, after November 1, 1987, and it erroneously concludes that his sentence was subject to the SRA, goes to the sentencing court's determination of an appropriate sentence. The BOP does not have the authority to alter the sentence

of a prisoner in its custody, even if Petitioner seeks to have it do so under the guise of "recalculation."

To challenge on constitutional grounds the imposition or validity of his sentence, Petitioner must file his petition pursuant to 28 U.S.C. § 2255. *See* United States v. Hayman, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952). By contrast, a habeas corpus petition under 28 U.S.C. § 2241 generally attacks only the execution or carrying out of an initially valid confinement. *See* Broussard v. Lippman, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981).[1] When a defendant previously filed a § 2255 motion, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255. A defendant who filed a previous § 2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing a petition under § 2241. *See* Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Although jurisdiction under § 2241 may be found through what has been referred to as "the savings clause" of the amended § 2255,[2] this remedy is available only if Petitioner establishes that the § 2255 remedy is inadequate or ineffective. *See* Wofford, 177 F.3d at 1245; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979). In Wofford, the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

[2] The "savings clause" provides:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(emphasis added).

In the instance case, Petitioner's characterization of his petition as challenging the calculation of his sentence, as opposed to the imposition thereof, is unconvincing. The BOP calculated Petitioner's sentence as subject to the SRA because, as stated in the judgment and commitment order, the sentencing court found as fact that the conspiracy concluded on April 11, 1991, and the court concluded as a matter of law that the sentence was subject to the SRA (*see* Doc. 6, Ex. A ¶¶ 5, 6, 9, Ex. 1). Therefore, the issue of whether Petitioner's sentence is subject to the provisions of the SRA is a challenge to the imposition of his sentence and, accordingly, must be brought under § 2255. Furthermore, Petitioner may not use the savings clause of § 2255 to file a § 2241 petition because he does not allege that his claim is based upon a retroactively applicable Supreme Court decision overturning Eleventh Circuit precedent. Moreover, this court will not construe the instant petition as a § 2255 motion because Petitioner has failed to show that he has obtained authorization from the Eleventh Circuit to file a second or successive motion under § 2255. Finally, to the extent Petitioner asserts that his habeas petition should proceed because he cannot pursue his claim in another § 2255 motion, the Eleventh Circuit has rejected this argument. *See* Wofford, 177 F. 3d at 1244–45 (restrictions on successive section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause).[3] Since Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, and this court is not authorized to consider his claims under § 2255, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida this 30th day of June 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**

---

[3]Petitioner is advised that he may file a motion in the Eleventh Circuit for an order authorizing the district court to consider a second or successive application, and the Eleventh Circuit may authorize the filing of a second or successive application if it determines that Petitioner has made a prima facie showing that the factual predicate for the claim could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2244(b)(2)(B)(i).

Case No.: 3:08cv37/MCR/EMT

**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).